MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALFREDO NUNEZ, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| HUEGAR LLC (D/B/A SILVER RICE), | |
| HIDEKI KATO, and SONNY DOE, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Alfredo Nunez ("Plaintiff Nunez" or "Mr. Nunez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Huegar LLC (d/b/a Silver Rice), ("Defendant Corporation"), Hideki Kato and Sonny Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Nunez is a former employee of Defendants Huegar LLC (d/b/a Silver Rice), Hideki Kato, and Sonny Doe.

2.       Defendants own, operate, or control two Japanese Restaurants, located at 638 Park Place, Brooklyn, NY 11238 and at 575A Flatbush Ave, Brooklyn, NY 11225 under the name "Silver Rice."

3.      Upon information and belief, individual Defendants Hideki Kato and Sonny Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Nunez was employed as a delivery worker and food preparer at the restaurants located at 638 Park Place, Brooklyn, NY 11238 and 575A Flatbush Ave, Brooklyn, NY 11225.

5.      Plaintiff Nunez was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, cleaning the restaurant, and carrying beer to the basement (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Nunez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Nunez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Nunez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Nunez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Nunez at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Nunez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Nunez's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Nunez at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Nunez's and other tipped employees' tips and made unlawful deductions from Plaintiff Nunez's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Nunez to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nunez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Nunez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Nunez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Nunez's state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Japanese Restaurants located in this district. Further, Plaintiff Nunez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Alfredo Nunez ("Plaintiff Nunez" or "Mr. Nunez") is an adult individual residing in Kings County, New York.

21.     Plaintiff Nunez was employed by Defendants at Silver Rice from approximately March 15, 2017 until on or about March 22, 2020.

22.     Plaintiff Nunez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23. At all relevant times, Defendants owned, operated, or controlled two Japanese Restaurants, located at 638 Park Place, Brooklyn, NY 11238 and at 575A Flatbush Ave, Brooklyn, NY 11225 under the name "Silver Rice."

24. Upon information and belief, Huegar LLC (d/b/a Silver Rice) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal places of business at 638 Park Place, Brooklyn, NY 11238 and at 575A Flatbush Ave, Brooklyn, NY 11225.

25. Defendant Hideki Kato is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hideki Kato is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Hideki Kato possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Nunez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Sonny Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sonny Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sonny Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Nunez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate two Japanese Restaurants located in in the Crown Heights and Lefferts Gardens sections of Brooklyn.

28.     Individual Defendants, Hideki Kato and Sonny Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Nunez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Nunez, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Nunez (and all similarly situated employees) and are Plaintiff Nunez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Nunez and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Hideki Kato and Sonny Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Nunez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Nunez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Nunez's services.

35.     In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Nunez is a former employee of Defendants who was employed as a food preparer and ostensibly as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Nunez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alfredo Nunez*

39.     Plaintiff Nunez was employed by Defendants from approximately March 2017 until on or about March 2020.

40.     Defendants employed Plaintiff Nunez as a food preparer and ostensibly as a delivery worker.

41.     However, Plaintiff Nunez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Nunez ostensibly was employed as delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Nunez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Nunez's work duties required neither discretion nor independent judgment.

45.     From approximately March 2017 until on or about June 2017, Plaintiff Nunez worked as a delivery worker at the Park Place location from approximately 5:00 p.m. until on or about 11:00

p.m., Mondays and Wednesdays and at the Flatbush Avenue location from approximately 5:00 p.m. until on or about 11:30 p.m., Fridays and Saturdays (typically 25 hours per week).

46.     From approximately July 2017 until on or about March 2020, Plaintiff Nunez worked as a food preparer at the Flatbush Avenue location from approximately 10:00 a.m. until on or about 4:00 p.m., and as a delivery worker at the Park Place location from approximately 5:00 p.m. until on or about 11:00 p.m., Mondays through Fridays. In addition, Plaintiff Nunez worked as a delivery worker at the Park Place location from approximately 5:00 p.m. until on or about 11:30 p.m. on Saturdays (typically 66.5 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Nunez his wages in cash.

48.     From approximately March 2017 until on or about March 2020, Defendants paid Plaintiff Nunez $8.50 per hour for his work as a delivery worker.

49.     From approximately July 2017 until on or about March 2018, Defendants paid Plaintiff Nunez $9.00 per hour for his work as a food preparer.

50.     From approximately March 2018 until on or about December 2018, Defendants paid Plaintiff Nunez $10.00 per hour for his work as a food preparer.

51.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Nunez $12.00 per hour for his work as a food preparer.


52.     Plaintiff Nunez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants required Plaintiff Nunez to work an additional hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

54.     Plaintiff Nunez was never notified by Defendants that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Nunez's wages.

56.     Defendants withheld a portion of Plaintiff Nunez's tips; specifically, Defendants withheld 15% of the tips customers making orders through seamless web wrote in for Plaintiff Nunez.

57.     From approximately March 2017 until on or about June 2017, Plaintiff Nunez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     From approximately July 2017 until on or about March 2020, Plaintiff Nunez was only required to enter the start times for his shifts.

59.     Defendants did not provide Plaintiff Nunez an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Nunez, in English and in Spanish (Plaintiff Nunez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Nunez to purchase "tools of the trade" with his own funds—including an electric bicycle and bicycle equipment.

*Defendants' General Employment Practices*

62.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nunez (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

63.     Plaintiff Nunez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

64.     Defendants' pay practices resulted in Plaintiff Nunez not receiving payment for all his hours worked, and resulted in Plaintiff Nunez's effective rate of pay falling below the required minimum wage rate.

65.     Defendants habitually required Plaintiff Nunez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

66.     Defendants required Plaintiff Nunez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

67.      Plaintiff Nunez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

68.     Plaintiff Nunez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69.      At all relevant times, Plaintiff Nunez and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

70.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Nunez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

71.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.     At all relevant times, in violation of federal and state law as codified above, Defendants classified Plaintiff Nunez and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

73.     Defendants failed to inform Plaintiff Nunez who received tips that Defendants intended to take a deduction against Plaintiff Nunez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

74.     Defendants failed to inform Plaintiff Nunez who received tips, that his tips were being credited towards the payment of the minimum wage.

75.     Defendants failed to maintain a record of tips earned by Plaintiff Nunez who worked as a delivery worker for the tips he received.

76.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Nunez who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

77.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

78.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

79.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

80.     Defendants paid Plaintiff Nunez his wages in cash.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Nunez (and similarly situated individuals) worked, and to avoid paying Plaintiff Nunez properly for his full hours worked.

82.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Nunez and other similarly situated former workers.

84.     Defendants failed to provide Plaintiff  Nunez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

85.      Defendants failed to provide Plaintiff Nunez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.      Plaintiff Nunez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

87.      At all relevant times, Plaintiff Nunez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

88.     The claims of Plaintiff Nunez stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

89.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Nunez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Nunez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.     Defendants failed to pay Plaintiff Nunez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.     Defendants' failure to pay Plaintiff Nunez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiff Nunez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

96.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Nunez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.     Defendants' failure to pay Plaintiff Nunez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Nunez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

100.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendants were Plaintiff Nunez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Nunez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

102.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Nunez less than the minimum wage.

103.     Defendants' failure to pay Plaintiff Nunez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Nunez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

105.    Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Nunez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiff Nunez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Nunez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

109.    Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to pay Plaintiff Nunez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Nunez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

111.    Defendants' failure to pay Plaintiff Nunez an additional hour's pay for each day Plaintiff Nunez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

112.     Plaintiff Nunez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

113.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

114.     Defendants failed to provide Plaintiff Nunez with a written notice, in English and in Spanish (Plaintiff Nunez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.     Defendants are liable to Plaintiff Nunez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

116.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

117.     With each payment of wages, Defendants failed to provide Plaintiff Nunez with an accurate statement listing each of the following: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.     Defendants are liable to Plaintiff Nunez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

119.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

120.     Defendants required Plaintiff Nunez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.     Plaintiff Nunez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

122.     Plaintiff Nunez repeats and realleges all paragraphs above as though fully set forth herein.

123.     At all relevant times, Defendants were Plaintiff Nunez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

124.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

125.    Defendants unlawfully misappropriated a portion of Plaintiff Nunez's tips that were received from customers.

126.    Defendants knowingly and intentionally retained a portion of Plaintiff Nunez's tips in violations of the NYLL and supporting Department of Labor Regulations.

127.    Plaintiff Nunez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nunez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nunez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nunez and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Nunez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Nunez and the FLSA Class members;

(f)     Awarding Plaintiff Nunez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Nunez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nunez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nunez;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Nunez;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Nunez's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Nunez;

(m)     Awarding Plaintiff Nunez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Nunez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Nunez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Nunez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Nunez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Nunez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 23, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 8, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Alfredo Nunez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          8 de Julio de 2020

*Certified as a minority-owned business in the State of New York*